UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

READY LOGISTICS LLC,

        Plaintiff,

v.                                                         Case No. 2:19-mc-9-FtM-38NPM

CALOOSA LOGISTICS
INCORPORATED

        Defendant.

## ORDER

Before the Court is Plaintiff's Motion to Compel Response to Non-Party Subpoena *Duces Tecum* Without Deposition (Doc. 8). Plaintiff Ready Logistics, LLC requests that the Court compel non-party, the law firm of Garcia-Menocal, Irias & Pastori ("Pastori"), to produce documents and materials responsive to its subpoena. (*Id.*, p. 1). While the response time has not expired, due to some procedural issues, the Court will consider the motion without a response and deny it.

A brief background is instructive. On April 30, 2019, Plaintiff registered a foreign judgment from the District of Arizona. (Doc. 1). In the District of Arizona, a default judgment was entered against Caloosa Logistics Incorporated for $171,000.00 with interest continuing to accrue. (Doc. 1, p. 2). Plaintiff believes Pastori served as legal counsel for Caloosa Logistics, Inc. about a fire that occurred around February 2016. (Doc. 8, p. 2). In an effort to collect on the judgment, Plaintiff registered the judgment here and now seeks non-privileged documents and materials from Pastori, concerning Defendant's fire-related losses, including documents related to insurance claims arising out of this loss. (*Id.*). Plaintiff served a subpoena on Pastori on July 2, 2020, but Pastori has failed

to respond to the subpoena, not served any objections, and not produced any documents. (*Id.*, pp. 2-3).

In the motion, there is no certificate of service showing that Pastori received a copy of the motion. Nor is there a Local Rule 3.01(g) certification that before filing the motion, Plaintiff conferred with Pastori concerning the filing of this motion.[1] By delivering a copy of this Order to Pastori, Plaintiff can advise Pastori that the Court expects Pastori to promptly confer with Plaintiff in person, or by video or phone, about whether Court intervention is necessary to enforce the subpoena.

In addition, the Court notes that the subpoena requires Pastori to produce documents in Orlando, Florida. (Doc. 8-1). But Pastori is in Coral Gables, Florida, in the Southern District of Florida. Under Rule 45(c)(2) for the production of documents, electronically stored information, or tangible things, the place of compliance must be "within 100 miles of where the person resides, is employed, or regularly transacts business in person." *See also State Farm Mut. Auto. Ins. Co. v. Maistrenko*, No. 19-MC-20850, 2019 WL 7790855, *2 (S.D. Fla. Dec. 20, 2019), *report and recommendation adopted*, No. CV 19-20850-MC, 2020 WL 486271 (S.D. Fla. Jan. 30, 2020) (finding a subpoena must state where compliance is required, which must be within 100 miles of where the subpoenaed party resides, is employed, or regularly transacts business in person). Orlando is located more than 100 miles from Coral Gables. As a result, the Court will not enforce the subpoena and compel Pastori to produce these documents.

---

[1] *Cf.* Federal Rule of Civil Procedure 45(d)(2)(B)(i) ("At any time, **on notice** to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.") (emphasis added).

For these reasons, the Motion to Compel Response to Non-Party Subpoena *Duces Tecum* Without Deposition (Doc. 8) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on August 20, 2020.

NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE